UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ARVIND GUPTA,

    Plaintiff,

v.

WIPRO LIMITED, et al.,

    Defendants.

Case No. 5:16-cv-05283-EJD

**ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER**

Re: Dkt. No. 21

    Arvind Gupta ("Plaintiff") brings this action for alleged wage and hour violations under the Immigration and Nationality Act ("INA") against Wipro Limited, Azim Hashim Premji, and U.S. Secretary of Labor Thomas E. Perez[1] (collectively, "Defendants").  Presently before the court is Wipro Limited and Azim Hashim Premji's Motion to Transfer this case to the District of New Jersey pursuant to 28 U.S.C. § 1404(a).  Dkt. No. 21 ("Mot.").  Federal Defendant, Secretary of United States Department of Labor, sued here in his official capacity, joins Wipro's Motion.  Dkt. No. 31.  Plaintiff opposes the Motion.  Dkt. No. 36 ("Opp.").  Federal jurisdiction arises pursuant to 28 U.S.C. §§ 1331 and 1332.  Finding this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b), the hearing scheduled for March 30, 2017 is hereby VACATED.

    This court previously granted the same defendants' motions to transfer in a nearly identical action filed by Plaintiff in 2014, Gupta v. Perez, No. 5:14-cv-01102-HRL, Dkt. No. 35.  In May and June 2009, Gupta filed complaints with the Department of Labor's ("DOL") Wage and Hour

---

[1] Although he did not hold the position when this action commenced, Acting Secretary of Labor Edward Hugler is automatically substituted as the defendant in place of his predecessor, former Secretary of Labor, Thomas E. Perez. See Fed. R. Civ. Proc. 25(d).

1
Case No.: 5:16-cv-05283-EJD
ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER

Division in San Francisco, California, alleging that Wipro took unauthorized deductions from his wages and those of other nonimmigrant employees. Compl. ¶¶ 41, 92. Soon thereafter, Plaintiff's case was reassigned to New Jersey at his request. Opp. ¶ 17; see Compl. ¶¶ 240-241, 288-290; Gupta v. Perez, No. 3:14-cv-04054-FLW (D.N.J.), Dkt. No. 70. The Administrator in New Jersey found no reasonable cause to investigate Plaintiff's complaint. See id. ¶¶ 92-101, 240-241. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), who held "that summary decision in favor of the Administrator is appropriate" and dismissed the complaint. See id. ¶¶ 95-101. Plaintiff then filed a petition for review with the Administrative Review Board ("ARB"), which ultimately affirmed the ALJ's decision. Id. ¶ 101.

In March 2014, Plaintiff filed a federal lawsuit in this court against Wipro and the Secretary of Labor. See id. ¶ 102; Gupta v. Perez, No. 5:14-cv-01102-HRL, Dkt. No. 1. Finding no meaningful connection to California, this court transferred the case to the United States District Court for the District of New Jersey, where it was fully adjudicated and summary judgment was granted in favor of Defendants. Compl. ¶ 104; see Gupta v. Perez, 101 F. Supp. 3d 437 (D.N.J. 2015). The Third Circuit affirmed the district court's decision on appeal, holding that no private right of action exists for violations of 8 U.S.C. § 1182(n). Compl. ¶ 106; Gupta v. Sec'y U.S. Dep't of Labor, 649 F. App'x 119, 122 (3d Cir. 2016). Dissatisfied with the unfavorable rulings in New Jersey, Plaintiff returned to this district and filed a motion for relief from this court's transfer order and requested the court reopen his case here. See Compl. ¶ 108; No. 5:14-cv-01102-HRL, Dkt. No. 36. The motion was denied on August 31, 2016 (No. 5:14-cv-01102-HRL, Dkt. No. 43), and Plaintiff filed the operative Complaint in this action two weeks later on September 15, 2016.

Now, before this court for the second time, Plaintiff seeks to reassert many of the same claims, against the same Defendants, arising from essentially the same operative facts. After carefully considering Plaintiff's new Complaint and the papers submitted by the Parties in this matter, the court finds, concludes, and orders as follows:

1.      Pursuant to 28 U.S.C. 1404(a), a district court may transfer a civil action to any

other district or division where it might have been brought or to any district or division to which all parties have consented if such a transfer is convenient to the parties and witnesses. 28 U.S.C. § 1404(a); see Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985). The purpose of section 1404 is to "prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964).

2. To determine whether transfer is appropriate, the court first examines whether the action could have been brought in the district to which transfer is sought. See Hatch, 758 F.2d at 414 ("In determining whether an action might have been brought in a district, the court looks to whether the action initially could have been commenced in that district." (internal quotations and citations omitted)). An action may be commenced in any district where (1) the court has subject matter jurisdiction over the claims at issue; (2) the court has personal jurisdiction over the defendant; and (3) venue is proper. Hoffman v. Blaski, 363 U.S. 335, 343-44 (1960). If the proposed district is a viable one, the court then goes through an "individualized, case-by-case consideration of convenience and fairness" to determine whether such interests and the interest of justice favor transfer. Van Dusen, 376 U.S. at 622.

3. In addition to the convenience considerations enumerated by § 1404(a), the Ninth Circuit has identified other fairness factors that should be weighed by the court when considering a transfer: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000).

4. "No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." Ctr. for Biological Diversity v.

3

Case No.: 5:16-cv-05283-EJD
ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER

1  Kempthorne, No. 08-1339, 2008 U.S. Dist. LEXIS 84978, at *8, 2008 WL 4543043 (N.D. Cal.
2  Oct. 10, 2008) (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Sparling v.
3  Hoffman Constr. Co., Inc., 864 F.2d 635, 639 (9th Cir. 1988)).  A transfer may not be appropriate
4  under § 1404(a) if it "would merely shift rather than eliminate the inconvenience." Decker Coal
5  Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).  The party moving for
6  transfer of a case bears the burden of demonstrating transfer is appropriate.  See Commodity
7  Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979)), opinion modified, 828
8  F.2d 1445 (9th Cir. 1987).

9       5.     A civil action may be brought in "a judicial district in which any defendant resides"
10  or "a judicial district in which a substantial part of the events or omissions giving rise to the claim
11  occurred." 28 U.S.C. § 1391(b)(1), (2).  For venue purposes, a defendant corporation shall be
12  deemed to reside "in any judicial district in which such defendant is subject to the court's personal
13  jurisdiction," and if the defendant does not reside in the United States, the defendant "may be sued
14  in any judicial district"). 28 U.S.C. § 1391(c)(2), (c)(3).

15       6.     Here, as to whether this action could have been brought in the District of New
16  Jersey, the court observes that Wipro is a global information technology company headquartered
17  in India, with its primary base of United States operations in East Brunswick, New Jersey.  Decl.
18  of Monica Rodrigues ("Rodrigues Decl.") ¶ 2, Dkt. No. 21-2.  Wipro is therefore deemed to be a
19  resident of New Jersey, and venue would be proper pursuant to 28 U.S.C. § 1391, subsection (b)
20  and (c).  Plaintiff argues that this action cannot be brought in New Jersey because in his prior case,
21  the New Jersey District Court ruled - and the Third Circuit affirmed - that it "lacked jurisdiction"
22  to adjudicate Plaintiff's claims brought under the INA.  Opp. at 8-9.  Based on those rulings,
23  Plaintiff concludes that the case "cannot be brought in the District Court of New Jersey" and that
24  this court is the only proper forum for the adjudication of his claims.  Id.  However, Plaintiff
25  misunderstands the implications of the district court's order with respect to the relevant
26  jurisdictional and venue requirements.  The legal findings of the District Court in the prior action
27  were not forum-specific and do not impact whether this action could have appropriately

28

4

Case No.: 5:16-cv-05283-EJD
ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER

commenced in New Jersey. Rather, because the New Jersey District Court would have subject matter jurisdiction over Plaintiff's claims, personal jurisdiction over Wipro, and because venue is proper, the action could have been brought in that district. See Blaski, 363 U.S. at 343-44.

7. Looking next to which forum is more convenient for the parties and relevant witnesses, Plaintiff first contends that litigating in New Jersey will be "highly inconvenient" for him because the New Jersey federal courts purportedly do not grant e-filing privileges to pro se litigants. Opp. at 9. Even if true, this is insufficient to show that Plaintiff's access to the courts will be seriously prejudiced. See 5:14-cv-01102-HRL, Dkt. No. 35 at 6 (rejecting this same argument in Plaintiff's first case).

Next, Plaintiff asserts that he intends to call witnesses who either work or reside in California and who will be inconvenienced if the action is transferred to New Jersey. Opp. at pp. 8-9. In support of this, Plaintiff submits "Exhibit PX-13" (Dkt. No. 36-2), which he contends is "[a] list of Wipro's Mountain View, CA office employees… who may be called as Plaintiff's witness(es)." Opp. at 9. However, of the individuals that are listed as working in California, Plaintiff provides no explanation as to who they are, what their anticipated testimony would be, or how such testimony would be relevant to this case. See Gherebi v. Bush, 352 F. 3d 1278, 1304 n. 33 (9th Cir. 2003)); see also Saperstein v. Dumont Aircraft Sales, LLC, 2016 WL 4241933, at *5 (N.D. Cal. Aug. 11, 2016 ("In determining whether the convenience of the witnesses favor transfer, courts consider not only how many witnesses each side has and the location of those witnesses, but also the importance of the witnesses"). Plaintiff's assertion that these individuals are relevant witnesses is also inconsistent with his prior representations in these proceedings that no such witnesses existed in California. In sum, the court finds no evidence that the individuals identified in "Exhibit PX-13" are materially connected to this case in any way.

The record demonstrates that Plaintiff does not work, nor has he ever worked, in California. Plaintiff's job duties had no meaningful connection to California, and none of the underlying facts applicable to Plaintiff's claims occurred in California. In contrast, the administrative and judicial proceedings germane to this case all occurred in New Jersey. Although

Wipro does not identify specific New Jersey witnesses relevant to this action, the court agrees with Defendants that, to the extent any will be needed, the majority of pertinent witnesses will be located in or closer to New Jersey, where Wipro's U.S. operations are based. See Mot. at 9; see also Rodrigues Decl. ¶ 2. As this court summarized in its Order transferring Plaintiff's first case,

> The record presented shows that New Jersey, not California, is the site of the material facts and events giving rise to plaintiff's claims. Gupta says that up until about eight years ago, all petitions, labor condition applications, and earnings statements showed addresses for Wipro in Santa Clara County. And, Wipro continues to maintain a presence here. But, plaintiff is a resident of India, with no apparent ties to California, pursuing claims against Wipro (a company headquartered in New Jersey) and seeking review as to the underlying administrative proceedings adjudicated there. Plaintiff never worked here, and there is no indication that his duties had any material connection to California. Gupta emphasizes that the initial decision to investigate the alleged violations was made by the DOL's San Francisco office; and, that decision, he argues, is a key issue in this litigation. However, Gupta requested that his administrative proceeding be transferred from San Francisco to New Jersey. Moreover, the actual subject of this litigation is not the initial finding by the DOL's San Francisco office, but the adverse decision ultimately rendered by the DOL in New Jersey.

5:14-cv-01102-HRL, Dkt. No. 35, 5-6. The court then concluded that "the locus of operative facts weigh in favor of transfer." Id. So too here.

8.   As to the Jones fairness factors, the first and second factors are neutral, as there are no negotiated agreements relevant to this action and both forums are equally familiar and/or capable of applying the governing law. Plaintiff argues that this court "is likely to be more experienced in identifying and adjudicating Plaintiff's California federal and state law claims." Opp. at 11. However, just as this court held in transferring the prior action, Plaintiff "has not convincingly demonstrated that California law governs his claims against Wipro," and in any event, even if California-specific issues did arise, "'other federal courts are fully capable of applying California law.'" See 5:14-cv-01102-HRL, Dkt. No. 35 at 4, 6 (citing Foster v. Nationwide Mutual Ins. Co., 2007 WL 4410408, at *6 (N.D. Cal. Dec. 14, 2007)).

9.   The third factor, Plaintiff's choice of this district, generally favors maintaining the case here. But while this factor can sometimes be a weighty one under other circumstances, it is

6

Case No.: 5:16-cv-05283-EJD
ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER

afforded less deference where, as here, "the plaintiff resides outside of the chosen forum." Brown v. Abercrombie & Fitch Co., 2014 WL 715082, at *3 (N.D.Cal. Feb. 14, 2014); see Gemini Capital Grp., Inc. v. Yap Fishing Corp., 150 F.3d 1088, 1091 (9th Cir. 1998) (holding that the district court correctly afforded less deference to the plaintiff's decision to file suit in Hawaii where no plaintiff was a resident of Hawaii). Plaintiff's choice of forum is also given less weight or disregarded where there is evidence of forum shopping. Foster, 2007 WL 4410408 at *2. Here, Plaintiff resides outside the Northern District of California, has demonstrated only a marginal connection to California, and filed the instant action immediately after his first case was resolved unfavorably to him in New Jersey. Such behavior is suggestive of forum shopping. Accordingly, the court finds that Plaintiff's choice of forum weighs only slightly, if at all, against transfer.

10. The remaining factors generally weigh in favor of transfer. The fourth and fifth factors relate to the parties' and claims' contacts with, or connection to, the forum. Here, while there is no dispute that Wipro conducts business in California and thus has contacts here, its principle place of business in the U.S. is New Jersey, which favors transfer. See Rodrigues Decl. ¶ 2. Plaintiff - a resident of India - has had minimal contact with either forum. Finally, given that the administrative and judicial proceedings pertinent to this action were all adjudicated in New Jersey, the contacts giving rise to Plaintiff's claims also favor transfer.

11. The sixth, seventh, and eighth factors involve questions of efficiency: the relative cost differences between the forums, the ability to compel non-party witnesses, and the ease of access to evidence. Here, Defendants successfully demonstrate that litigation efficiency tends to favor New Jersey. Plaintiff argues that these factors are neutral because Wipro has not identified evidence that will be more convenient in New Jersey than California. Opp. at 9. However, again, because the relevant administrative proceedings underlying this case took place in New Jersey, "the center of gravity in this litigation is in New Jersey." 5:14-CV-0112-HRL, Dkt. No. 35 at 6-7. Moreover, having already become familiar with this case in its prior proceedings, the district court in New Jersey is also in the best position to efficiently resolve this case. Accordingly, given that a majority of Wipro employee-witnesses, relevant evidence, and pertinent court records are located

7

Case No.: 5:16-cv-05283-EJD
ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER

in New Jersey, these factors further weigh in favor of transfer.

12. To the extent that either district has a greater "local interest" in the controversy, it is likely the District of New Jersey. While Plaintiff argues that his claims brought under the California Labor Code give California a greater interest in adjudicating this case, it is not clear to this court that such claims are viable to begin with given that Plaintiff is not a resident of, nor has he ever worked in, California. New Jersey, on the other hand, has already invested time and resources in dealing with the specific claims asserted by Plaintiff in this case, and therefore has a unique interest in the controversy presented here. As Wipro summarizes,

> This case is duplicative of a prior case by Gupta that was fully adjudicated to conclusion in New Jersey. Judge Freda Wolfson in the District of New Jersey is already intimately familiar with the long, tortured history of the case, having authored two, lengthy memoranda of opinion rejecting Gupta's claims. Further, it is the District of New Jersey which clearly has the greater interest in adjudicating a case that seeks to disturb prior rulings by the District of New Jersey…Not only does New Jersey have the greater interest in the case, but judicial economy would be served by transferring the case to a Court that is already well-acquainted with the history and underlying facts of the case.

Reply at 4-5. The court agrees with Wipro.

13. On balance, the convenience and fairness considerations applicable to an analysis under § 1404(a) weigh in favor of transferring this action to the District of New Jersey. Accordingly, the Motion to Transfer (Dkt. No. 21) is GRANTED. The Clerk shall TRANSFER this case to the United States District Court for the District of New Jersey and close this court's file. All other pending matters are TERMINATED and should be re-filed and re-noticed before the newly assigned district judge.

**IT IS SO ORDERED.**

Dated: March 24, 2017

_____
EDWARD J. DAVILA
United States District Judge