**\*NOT FOR PUBLICATION\***

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ——————————————————— | : | |
| ARVIND GUPTA, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 17-1954 (FLW) (DEA) |
| | : | |
| v. | : | |
| | : | **OPINION** |
| WIPRO LIMITED; AZIM | : | |
| HASHIM PREMJI; and the | : | |
| SECRETARY OF THE UNITED STATES | : | |
| DEPARTMENT OF LABOR; | : | |
| | : | |
| Defendants. | : | |
| ——————————————————— | : | |

**WOLFSON, United States District Judge:**

*Pro se*[1] Plaintiff Arvind Gupta ("Plaintiff" or "Gupta") brings this action for alleged

wage and hour violations under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101,

*et seq.*, against Defendants, Wipro Limited ("Wipro"), Azim Hashim Premji, and the Secretary

of the United States Department of Labor (the "Secretary") (collectively, "Defendants"). The

action is nearly identical to a prior suit that Plaintiff brought before this Court in 2014, *Gupta v.*

---

[1] Since Plaintiff is a *pro se* litigant, the Court is obligated to construe his pleadings liberally.
*Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir.
2003) ("[The Court will] apply the applicable law, irrespective of whether the *pro se* litigant has
mentioned it by name."). However, the Court notes that Plaintiff appears to be an experienced
*pro se* litigant, having represented himself in federal cases, both within this circuit and in sister
circuits, involving substantially the same issues as those reviewed *infra. See, e.g.*,
*Gupta v. Sec'y U.S. Dep't of Labor*, 649 F. App'x 119 (3d Cir. 2016); *Gupta v. Perez*, 101 F.
Supp. 3d 437 (D.N.J. 2015), *reconsideration denied*, No. 14-4054, 2015 WL 5098173 (D.N.J.
Aug. 31, 2015), *aff'd sub nom.* 649 F. App'x 119; *Gupta v. Headstrong, Inc.*, No. 12-6652, 2013
WL 4710388 (S.D.N.Y. Aug. 30, 2013); *Compunnel Software Grp., Inc. v. Gupta*, No. 14-4790,
2015 WL 1224298 (S.D.N.Y. Mar. 17, 2015) *reconsideration denied*, No. 14-4790, 2015 WL
1808628 (S.D.N.Y. Apr. 13, 2015).

*Perez, et al.*, No. 14-4054 ("*Gupta I*"), in which Plaintiff also asserted wage and hour claims against Wipro and the Secretary. As discussed further in the procedural history section of this Opinion, this Court issued a decision granting summary judgment against all of Plaintiff's claims in *Gupta I*, which decision was affirmed by the Third Circuit. *Gupta v. Sec'y U.S. Dep't of Labor*, 649 F. App'x 119 (3d Cir. 2016).

Presently before the Court is Wipro and Mr. Premji's (collectively, the "Wipro Defendants") Motion to Dismiss for lack of subject-matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] For the reasons that follow, Defendants' Motion to Dismiss is GRANTED.

## I.     FACTUAL BACKGROUND[3]

Because the parties are intimately familiar with the facts of this case, which mirror those asserted in Plaintiff's prior actions, the Court will only briefly revisit them here. Plaintiff, a citizen of India, works in the fields of financial services, business analysis, information technology, and program management. Compl. ¶ 2. Defendant Wipro is a global information technology, consulting and outsourcing company, with over 150,000 employees serving clients in over 175 cities worldwide. *Id.* at ¶ 4. Within the United States, Wipro employs both citizens and nonimmigrant workers through the federal H-1B visa program. *Id.* at ¶ 3. Defendant Azim Hashim Premji is the President of Wipro. *Id.* at ¶ 5.

On May 11, 2003, Plaintiff entered the United States to work for Wipro as an H1-B worker, pursuant to a labor condition application ("LCA") that had been approved by the

---

[2] The Wipro Defendants' Motion to Dismiss is joined in by the Secretary.
[3] The following facts are taken from Plaintiff's Complaint, and are accepted as true on this Motion to Dismiss.

Department of Labor ("DOL").  *Id.* at ¶ 20.  The H1-B program "is designed to allow professionals from other countries who are employed in 'specialty occupations' to work in the United States on a temporary basis."  *Gupta*, 649 F. App'x at 120.  Gupta alleges that, from May 2003 until March 2006, Wipro engaged him to perform a variety of client-facing assignments, which required him to work at least forty hours per week.  Compl. ¶ 28.  Plaintiff further alleges that, since March of 2006, he has remained employed by Wipro, albeit in "nonproductive status while waiting for an assignment and being ready, willing, and able to perform any official duties . . . ."  *Id.* at ¶ 114.[4]

## II.  **PROCEDURAL HISTORY**

This case has a long and protracted procedural history, involving various courts and administrative tribunals.  It all began on May 20, 2009, when Gupta filed a complaint with the DOL's Wage and Hour Division ("WHD"), alleging that Wipro took unauthorized deductions from Gupta's wages, and seeking relief under the H-1B nonimmigrant worker provisions of the Immigration and Nationality Act.  On May 29, 2009, the WHD rejected Gupta's complaint as untimely, because it was filed more than twelve months after the last alleged unlawful deduction.

In June of 2009, Gupta filed a second complaint in the WHD, alleging that Wipro had taken unauthorized deductions from the wages of other Wipro employees.  In the second complaint, Gupta represented himself as a business competitor of Wipro, and submitted a single pay stub from a then-current Wipro employee, dated June 1, 2009, which Gupta claimed to have obtained through his work as a business recruiter.  By letter dated January 7, 2010, the WHD

---

[4] As explained, *infra*, because Defendants assert a *res judicata* defense, the Court will take judicial notice of the fact, established through Plaintiff's prior litigation, that Plaintiff's employment relationship with Wipro ended in 2006, and thus, will disregard Plaintiff's allegation that he has remained employed with Wipro in nonproductive status since 2006. *See Gupta*, 649 F. App'x at 121.

informed Gupta that, based on Gupta's representations as a business competitor, reasonable cause existed to investigate Wipro. Specifically, the WHD considered Gupta's second complaint to be potentially viable due to the allegation that Gupta was a business competitor of Wipro's, because, under federal regulations, status as a competitor of an H-1B employer may confer standing upon a claimant to pursue claims regarding other employees. *See* 20 C.F.R. § 655.715.

After opening the investigation, the WHD contacted Gupta seeking more information about his recruiting business. On April 22, 2010, Gupta sent an email to the WHD investigator overseeing his case, in which he admitted that he had never started a recruiting business. The WHD issued a decision on May 7, 2010, finding that, as a result of Gupta's email, there was no reasonable cause to investigate Gupta's second complaint, and that the case should be closed. On July 12, 2010, Gupta sent an email to the WHD, requesting that the principles of "equitable tolling" be applied to his May 2009 complaint as an aggrieved worker, on the ground that Wipro allegedly misled Gupta about his rights.

On August 26, 2010, Gupta filed a motion with the Office of Administrative Law ("OAL"), in which he requested a hearing before an Administrative Law Judge ("ALJ") regarding his complaints. On November 3, 2010, the ALJ issued an order directing the WHD Administrator to show cause why, given the Administrator's initial decision to conduct an investigation of Gupta's second complaint, the Administrator was not required to issue a post investigation determination letter under 20 C.F.R. § 655.806(b). In response, the Administrator attached Gupta's April 22, 2010 email, in which Gupta stated that he had never started a recruiting business, and argued that, as a result of Gupta's admission, Gupta lacked standing to file a complaint as an aggrieved "competitor" of Wipro under 20 C.F.R. §§ 655.715 and 655.806(a).

On December 23, 2010, the ALJ issued an order, in which the ALJ construed the Administrator's response to the order to show cause as a motion for summary decision. The ALJ invited the parties to submit briefs on the issue of whether, following Gupta's email, the WHD had subject matter jurisdiction to investigate Gupta's second complaint. Both Gupta and the Administrator filed supplemental briefs. In a decision dated March 28, 2011, the ALJ found that the Administrator was entitled to summary decision on both of Gupta's complaints, finding that the first complaint was time-barred, and that Gupta lacked standing to pursue the second complaint. Specifically, with respect to Gupta's aggrieved worker complaint, the ALJ found that, pursuant to 20 C.F.R. § 655.805(a)(2), Gupta's first complaint was untimely, because Gupta failed to file it within twelve months of Wipro's most recent allegedly unlawful deduction, and because Gupta was not entitled to equitable tolling. Next, with respect to Gupta's second complaint, the ALJ found that Gupta was not an aggrieved competitor under 20 C.F.R. § 655.715, and thus, lacked standing to pursue an aggrieved competitor claim. Finally, the ALJ decided that she did not have the authority to review Gupta's assertion that his complaint should be considered under 20 C.F.R. § 807 as a non-aggrieved "credible information source" complaint, because "the regulation specifically states that no hearing is available from a decision by an Administrator declining to refer [such] allegations to the Secretary [of Labor]. The Administrator's discretion in this area is plenary and nonreviewable."

On April 23, 2011, Gupta appealed the ALJ's decision to the Administrative Review Board ("ARB").[5] On May 9, 2011, Gupta moved before the ARB to amend the dates of his employment with Wipro. Specifically, although Gupta had previously represented that his employment with Wipro ended on March 31, 2006, Gupta sought to amend the end-date of his

---

[5] The ARB is the highest appellate body within the DOL.

employment until June 10, 2008, the day his H1-B visa expired.  On August 11, 2011, the ARB

remanded the case to the ALJ, holding that due process required the ALJ to give Wipro an

opportunity to participate in the proceedings, notwithstanding Gupta's request that the matter

remain confidential to the extent possible.

On January 25, 2012, after eliciting briefing on remand from the Administrator, Wipro,

and Gupta, the ALJ entered a post-remand decision affirming summary decision against Gupta.

In the decision, the ALJ denied Gupta's request to amend the dates of his employment.

Additionally, the ALJ concluded that, despite Gupta's supplemental evidence,[6] the record still

reflected that Gupta's aggrieved worker complaint was untimely, given that March 2008, the

date of Gupta's most recent paycheck from Wipro, preceded Gupta's May 2009 complaint by

more than twelve months.

Undeterred, on January 30, 2012, Gupta filed a petition for review of the ALJ's decision

with the ARB.  On February 27, 2014, the ARB issued a final decision affirming the ALJ's

dismissal of Gupta's case.  At the outset, the ARB found that the undisputed facts established

that Gupta's May and June 2009 complaints advanced the same, single type of violation: illegal

deductions connected to the base salary earned in Gupta's home country.  With respect to

Gupta's first complaint, regarding Gupta's claim of H-1B violations pertaining to his own wages,

the ARB affirmed the ALJ's finding that Gupta's claims as an aggrieved worker were time-

barred.  In particular, the ARB found that the last allegedly illegal deductions made from his

wages occurred on or before March 2006, which made his 2009 complaints over three years

---

[6] Specifically, the ALJ allowed Gupta to introduce post-remand exhibits, including:  (1) a pay
stub and W-2 form showing Gupta's earnings in March 2008; (2) a copy of Gupta's labor
application from June 14, 2005 through June 10, 2008; and (3) a declaration from Gupta.

late.[7]  The ARB also affirmed the ALJ's dismissal of Gupta's aggrieved competitor complaint as to the allegedly illegal deductions made from the wages of other H-1B workers at Wipro, finding that the undisputed evidence – particularly Gupta's own admissions – demonstrated that Gupta was not Wipro's competitor and, thus, that Gupta lacked standing to pursue the complaint. Finally, the ARB held that the discretion to investigate credible source complaints lies with the WHD Administrator and other DOL officials, and that the regulations prohibit parties from appealing the DOL's refusal to exercise such discretion.

On March 10, 2014, Plaintiff filed suit against Wipro and the Secretary ("*Gupta I*") in the United States District Court for the Northern District of California, seeking judicial review of the ARB's final decision. On March 25, 2014, Plaintiff filed a "Complaint for Judicial Review of Final Agency Decision, and Declaratory and Injunctive Relief, INA Violations By Wipro."  On June 24, 2014, *Gupta I* was transferred to this Court.  Thereafter, I construed Plaintiff's March 25, 2014 filing as an amended complaint seeking not only judicial review of the ARB's final decision, but also asserting: (1) a claim of unauthorized deductions against Wipro; and (2) claims for declaratory relief and a preliminary injunction.

Following the transfer of *Gupta I*, the parties, by way of agreement, proceeded directly to summary judgment briefing, with Wipro, the Secretary, and Gupta each filing motions for summary judgment.  On October 28, 2014, while the motions for summary judgment were pending, Gupta filed a "Motion for Injunctive Relief," seeking a final monetary award on his claims.  Additionally, on April 14, 2015, Gupta filed a "Motion for Leave to File Supplement Claims," in which Wipro sought to bring additional claims and to add Mr. Premji as a defendant.

---

[7] The ARB also found that Gupta failed to present persuasive reasons to invoke equitable tolling.

On April 27, 2015, this Court issued a forty-page decision, granting Wipro and the Secretary's motions for summary judgment in their entirety, and denying Gupta's motion for summary judgment, motion for injunctive relief, and motion seeking leave to file supplemental claims. *Gupta v. Perez*, 101 F. Supp. 3d 437, 462 (D.N.J. 2015), *reconsideration denied*, No. 14-4054, 2015 WL 5098173 (D.N.J. Aug. 31, 2015), *aff'd sub nom. Gupta v. Sec'y U.S. Dep't of Labor*, 649 F. App'x 119 (3d Cir. 2016). With respect to Count One, titled, "Due Process Violations and Other Issues," the Court found that Plaintiff had failed to state a claim for deprivation of a constitutionally protected liberty or property interest, and that Plaintiff's allegations that the DOL committed minor procedural violations in adjudicating his complaint did not amount to a deprivation of the opportunity to be heard. *Gupta*, 101 F. Supp. 3d at 448-50. Regarding Count Two, "Nature of Gupta's Complaint—Unauthorized Deductions and Failure to Pay Wages," the Court found that that "the ARB's failure to consider Plaintiff's informal allegations [that Wipro did not pay required wages to Plaintiff during some months when Plaintiff was on Wipro's H-1B visa] in its Final Decision and Order was not arbitrary, capricious, or an abuse of discretion," because Plaintiff never properly amended his DOL complaint to add such a claim. *Id*. at 450-52. Regarding Count Three, "Did the Agency Properly Deny Gupta's Motion for Leave to Amend," the Court found that "the ALJ [did not] act[] in an arbitrary or capricious manner in denying Plaintiff's request to amend" the dates of Plaintiff's employment with Wipro in his administrative complaint, "especially because the ALJ did admit and consider Plaintiff's post-remand exhibits." *Id*. at 452-53.

Regarding Count Four, "Timeliness of DOL Complaints," the Court stated that "the ARB's finding that Plaintiff's complaint was untimely was not arbitrary or capricious. Given that Wipro was only invited to respond to Plaintiff's ALJ complaint after the ARB remanded the

decision, and Wipro agreed with the Administrator's position that Plaintiff's complaint was untimely as an aggrieved worker, the Court does not find that the record reflects that Wipro waived its statute of limitations defense. And[,] the Court does not find any evidence in the record to contradict the ARB and ALJ's findings that Plaintiff's 2009 complaint was [in fact] untimely."[8] *Id*. at 453-55. Regarding Count Five, "Equitable Tolling and Estoppel," the Court found that the ARB's decision declining to equitably toll the one-year statute of limitations applicable to Plaintiff's complaint, on the basis that Wipro actively misled Plaintiff about his cause of action, was not arbitrary and capricious. Plaintiff relied upon evidence that could, at best, demonstrate that Wipro actively misled a plaintiff as to the terms of an employer-employee relationship, which is separate from actively misleading a plaintiff as to his cause of action. *Id*. at 455-57. As to equitable estoppel, this Court found that "Plaintiff appears to conflate the principles of equitable estoppel with the very nature of his claim. Arguing that Wipro's 2005 letter [to Plaintiff regarding the terms of his employment] is misleading insofar as the INA's applicable statutes and regulations governing authorized and unauthorized deductions supersede any contrary terms of Plaintiff's employment is tantamount to arguing that Wipro unlawfully deducted amounts from Plaintiff's wages . . . . Thus, the ARB's decision to affirm the ALJ's declination to exercise equitable estoppel is also not arbitrary, capricious, or an abuse of discretion." *Id.* at 457.

Regarding Count Six, "Aggrieved Party and Interested Party Status," the Court stated that "[a]s to Plaintiff's complaint as an aggrieved competitor, the Court finds reasonable the ALJ and

---

[8] Under the applicable DOL regulation, "[a] complaint must be filed not later than 12 months after the latest date on which the alleged violation(s) were committed, which would be the date on which the employer allegedly failed to perform an action or fulfill a condition specified in the LCA, or the date on which the employer, through its action or inaction, allegedly demonstrated a misrepresentation of a material fact in the LCA." 20 C.F.R. § 655.806.

ARB's interpretation of an aggrieved 'competitor' as reflected in § 655.715 to preclude potential or future competitors." *Id.* 458. Further, the Court found that "the ALJ's decision that Plaintiff's alleged status as a 'worker in a specialty occupation' in non-productive status within 12 months of filing a complaint did not create a separate 'aggrieved party' basis on which to file a DOL complaint was not arbitrary, capricious, or an abuse of discretion." *Id.* at 459. Finally, the Court found that "to the extent Plaintiff is seeking review of the ARB's decision to affirm the ALJ's decision on Plaintiff's argument that his complaint should be accepted and reviewed as a 'credible source' complaint under § 655.807, that argument must fail," because that regulation "states that '[n]o hearing shall be available from a decision by the Administrator declining to refer allegations addressed by this section to the Secretary, and none shall be available from a decision by the Secretary certifying or declining to certify that an investigation is warranted.' Further, there is a 'presumption that agency decisions not to institute proceedings are unreviewable under 5 U.S.C. § 701(a)(2),' and Plaintiff did not provide, nor does this Court find, evidence that would overcome this presumption as it applies to § 655.807." *Id.* at 459-60 (internal citations omitted).

In Counts Eight and Nine,[9] the Court found that "Plaintiff's attempt in Count Eight to re-litigate his DOL complaint of unauthorized deductions, and his attempt in Count Nine to raise a claim in the first instance that Wipro failed to pay wages to Plaintiff between 2006 and 2008 in Count Nine, must fail," because "the INA does not authorize a private right of action to enforce the laws regarding payment of wages to H–1B workers; rather, claimants must go through administrative channels and may only seek judicial review once administrative remedies have

---

[9] The Court noted that in Count Seven, Plaintiff only sought declaratory relief with respect to Counts One through Six. *Gupta*, 101 F. Supp. 3d at 460, n 31.

been exhausted." *Id*. at 460. Next, I found that "[b]ecause the Court has affirmed the ARB's final decision and order, Plaintiff's remaining claims for declaratory relief, a preliminary injunction, compensatory damages, punitive damages, pre-and post-judgment interest, and litigation expenses must also fail." *Id*. at 461. Further, the Court explained that "[b]ecause the Court has affirmed the ARB's decision on the bases challenged by Plaintiff, Plaintiff's motion for preliminary injunctive relief is moot." *Id*. Finally, the Court denied Plaintiff's April 14, 2015 motion seeking leave to file supplemental claims and to add a new party, finding that, to the extent Plaintiff believed that he had new claims, he should assert them in a separate lawsuit. *Id.* at 462. On May 5, 2015, Gupta filed a motion for reconsideration, which this Court denied on August 31, 2015.

On September 2, 2015, Gupta filed a third complaint against Wipro with the WHD. Remarkably, contrary to Gupta's prior representations, – in which Gupta had initially alleged that his employment with Wipro ended on March 31, 2006, and then later sought to amend his employment end-date to June 10, 2008 – the third complaint alleged that Gupta was employed by Wipro from 2003 until present time. The DOL found no reasonable cause to investigate Gupta's third complaint.

On September 14, 2015, Gupta appealed this Court's April 27, 2015 and August 31, 2015 Orders to the United States Court of Appeals for the Third Circuit. On November 3, 2015, Wipro filed a motion for summary action, which was joined by the Secretary, arguing that Gupta's appeal should be dismissed, because Gupta failed to present any substantial issue for review. Gupta responded by: (1) filing a motion to strike, arguing that Wipro should be precluded from filing a motion for summary action; and (2) filing his own motion for summary

action, arguing that this Court's prior rulings were so defective that they should be reversed prior to appellate briefing.

On December 9, 2015, while these motions were pending before the Third Circuit, Gupta filed a motion for an award of costs and expenses with this Court, seeking reimbursement for all of his costs and expenses in connection with the litigation of *Gupta I.* Wipro opposed Gupta's motion on the ground that Gupta was not a prevailing party. On January 11, 2016, Gupta filed another motion with this Court, seeking leave to file a motion for "immediate monetary relief." On February 2, 2016, this Court entered an Order denying both of Gupta's motions. On February 10, 2016, Gupta appealed this Court's February 2, 2016 Order to the Third Circuit.

The Third Circuit issued a *per curiam* Opinion on May 5, 2016, in which it: (1) granted the summary action filed by Wipro and the Secretary; (2) denied Gupta's motion for summary action; and (3) affirmed this Court's April 27, 2015 and August 31, 2015 Orders dismissing *Gupta I. Gupta*, 649 F. App'x at 121-23. Specifically, the Third Circuit found that, because "Gupta left his employment at Wipro in March 2006[10] . . . the ARB properly concluded that Gupta's complaints, filed in May and June 2009, were untimely to the extent he sought relief on behalf of himself as an aggrieved worker." *Id.* at 121. The Third Circuit also found that Gupta's other claims lacked merit, finding that, despite Gupta's "to bypass the administrative review process completely by raising claims directly in the District Court," – which the court characterized as an "apparent effort to avoid application of the 12-month limitations period" – "no private right of action exists for violations of 8 U.S.C. § 1182(n)." *Id.* at 122. Additionally, the court affirmed the ARB's finding that the ALJ's denial of Gupta's request to hear his

---

[10] The court did note, however, that Gupta "briefly worked for [Wipro] again in March 2008." *Gupta*, 649 F. App'x at 120.

complaint as a "credible source" complaint under 20 C.F.R. § 655.807(h)(2) was unreviewable. *Id.* at 123. Finally, the court affirmed my denial of Gupta's motions for reconsideration and for an award of costs and expenses, finding that there was no basis for consideration, and that, because Gupta was not a prevailing party, he was not entitled to fees or costs. *Id.*

Despite having been defeated at every level of review, Gupta's indomitable crusade pressed on. To wit, Gupta next filed a motion with the Third Circuit, seeking to appeal the Northern District of California's June 2014 transfer order, and requesting that the appeal be transferred to the Ninth Circuit. On July 11, 2016, the Third Circuit denied the motion to transfer, and "admonished" Gupta that the Court would "consider sanctions, including an award of attorneys' fees if requested, should [Gupta] persist in the filing of frivolous motions." Undaunted, on July 22, 2016, Gupta filed a motion to transfer *Gupta I* to the Northern District of California, which this Court denied as moot on July 25, 2016. On July 26, 2016, Gupta then moved to reopen and transfer this case to the Northern District of California. On July 27, 2016, this Court entered an Order finding that Gupta failed to raise a viable basis for reopening this case under Federal Rule of Civil Procedure 60(b), and advising Gupta that, insofar as he believed "he has further claims to assert that were not dismissed on the merits in the present case, he may file a new case in the appropriate venue." ECF No. 98. Gupta then moved before the Northern District of California to reopen his case, which motion was denied on August 31, 2016.

On September 15, 2016, Gupta filed the instant Complaint in the Northern District of California. The *Gupta II* Complaint fourteen causes of action, which are summarized as follows:

- Counts One ("Breach of Contract") and Two ("Breach of Implied-In-Fact Contract"): Gupta alleges that Wipro breached its obligations, under a LCA filed by Wipro with the United States government, to pay certain wages to Gupta.

- Count Three ("Unjust Enrichment, Quantum Meruit"):  Gupta seeks wages from Wipro under the doctrines of unjust enrichment and quantum meruit, on the ground that he has been "available" and "waiting for an assignment" from Wipro since 2003.

- Count Four ("Promissory Estoppel"):  Gupta alleges damages as a result of Wipro's alleged failure to uphold promises allegedly made to Gupta regarding the payment of wages and benefits.

- Counts Five and Six:  Gupta asserts causes of action pursuant to the wage and hour provisions of the California Labor Code.

- Count Seven ("Failure to Pay Required Wages under 'INA'"):  Gupta alleges that Wipro failed to pay him wages, in violation of its obligations to nonimmigrant workers under the INA.

- Count Eight ("Unauthorized Deductions from Required Wages"):  Gupta claims that Wipro took unauthorized deductions from his wages, in violation of the INA.

- Count Nine ("Retaliation for Protected Activity"):  Gupta alleges that Wipro retaliated against him for initiating prior proceedings regarding Wipro's alleged underpayment of wages, in violation of the INA.

- Count Ten ("Unpaid and Underpaid Wages (FLSA)"):  Gupta alleges that Wipro failed to pay him, or underpaid him, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

- Count Eleven ("Liquidated Damages"), Twelve ("Compensatory Damages") and Thirteen ("Punitive Damages"):  Gupta asserts stand-alone claims for liquidated, compensatory, and punitive damages.

- Count Fourteen ("'APA' Claim to Compel Investigation and/or Adjudication of Plaintiff's 'INA' Claims against Wipro and Premji"):  Gupta seeks an order compelling the WHD to investigate his allegations against Wipro for violations of the INA, including for taking unauthorized deductions from Gupta's wages.

The Wipro Defendants moved to transfer *Gupta II* to this Court, which motion was granted by the Honorable Edward J. Davila, U.S.D.J, on March 24, 2017.  On May 4, 2017, the Wipro Defendants moved to dismiss the Complaint for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted.  On May 12, 2017, the Secretary joined in the Wipro Defendants' Motion to Dismiss.  Having been fully briefed, that Motion is now properly before this Court.

### III.   **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(1), "a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim." In *re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). In evaluating whether a complaint adequately pleads the elements of standing, courts apply the standard of reviewing a complaint pursuant to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *In re Schering Plough Corp.*, 678 F.3d at 243.

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must first separate the factual and legal elements of the claims, accepting the well-pleaded facts as true. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). All reasonable inferences are drawn in the plaintiff's favor. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). To survive a motion to dismiss, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Third Circuit requires a three-step analysis to meet the plausibility standard mandated by *Twombly* and *Iqbal*. First, the court should "outline the elements a plaintiff must plead to a state a claim for relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Next, the court should "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth." *Id.*; *see also Iqbal*, 556 U.S. at 678-79 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). It is well-established that a proper complaint "requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). Finally, the court should assume the veracity of all well-pled factual allegations, and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian*, 696 F.3d at 365 (quoting *Iqbal*, 556 U.S. at 679). A claim is facially plausible when there is sufficient factual content to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This last step of the plausibility analysis is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Generally, "[t]o the extent that [a] court considers evidence beyond the complaint in deciding a Rule 12(b)(6) motion, it is converted to a motion for summary judgement." *Anjelino v. New York Times Co.*, 200 F.3d 73, 88 (3d Cir. 1999). However, where a defense of claim preclusion is raised on a motion to dismiss, "the court can take notice of all facts necessary for the decision." *Toscano v. Connecticut General Life Ins. Co.*, 288 Fed. Appx. 36 (3d Cir. 2008); *Conceicao v. Nat'l Water Main Cleaning Co.*, 650 F. App'x 134, 135 (3d Cir. 2016) ("The defense of claim preclusion, however, may be raised and adjudicated on a motion to dismiss and the court can take notice of all facts necessary for the decision."). Specifically, "a court may take judicial notice of the record from a previous court proceeding between the parties." *Id.* "The party seeking to take advantage of claim preclusion has the burden of establishing it." *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 158 (3d Cir. 2001).

## IV.   DISCUSSION

### A.   Claim Preclusion

"Claim preclusion prevents claims between the same parties from being litigated anew after a final judgment has been entered in a previous suit." *Toscano*, 288 F. App'x at 38. The

doctrine bars not only claims that were actually brought in a previous lawsuit, but also claims that *could have* been brought in the prior suit. *Duhaney v. Attorney Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010). Requiring plaintiffs to present all claims arising out of the same occurrence in a single suit is designed to "avoid piecemeal litigation and conserve judicial resources." *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 260 (3d Cir. 2010). To that end, claim preclusion exists to "protect litigants from the burden of relitigating an identical issue with the same party or his privy and . . . promot[es] judicial economy by preventing needless litigation." *Post v. Hartford Ins. Co.*, 501 F.3d 154, 169 (3d Cir. 2007) (citation omitted); *see Gage v. Warren Tp. Committee & Planning Bd. Members*, 463 Fed. Appx. 68, 72 (3d Cir. 2012) ("The doctrine of claim preclusion is central to the purpose for which civil courts have been established, the conclusive resolution of disputes, and seeks to avoid the expense and vexation of multiple lawsuits, while conserving judicial resources and fostering reliance on judicial action by minimizing the possibility of inconsistent decisions.").

A party seeking to invoke claim preclusion must establish the following three elements: "'(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.'" *Strunk v. Wells Fargo Bank, N.A.*, 614 F. App'x 586, 588 (3d Cir. 2015) (quoting *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991)). The Third Circuit has advised that this test should not be applied "mechanically"; instead, courts should "'focus on the central purpose of the doctrine, to require a plaintiff to present all claims arising out [of] the same occurrence in a single suit.'" *Sheridan*, 609 F.3d at 260 (quoting *Churchill v. Star Enterprises*, 183 F.3d 184, 194 (3d Cir. 1999)).

The Court finds that claim preclusion bars Plaintiff's claims in this case. First, this Court's August 27, 2015 Order, granting summary judgment on all claims asserted in the *Gupta I*

Complaint, constituted a final judgment on the merits.[11] *See Hubicki v. ACF Indus., Inc.*, 484

F.2d 519, 524 (3d Cir. 1973) ("[T]he law is clear that summary judgment is a final judgment on

---

[11] In his Opposition to the Wipro Defendants' Motion to Dismiss, Plaintiff argues that this Court previously dismissed Plaintiff's INA claims in *Gupta I* for lack of subject-matter jurisdiction, and thus, that the prior decision was not a final judgment on the merits as it pertains to those claims. Plaintiff is correct that "a dismissal for jurisdictional purposes does not serve as a final judgment on the merits." *Simoni v. Luciani*, 872 F. Supp. 2d 382, 390 (D.N.J. 2012); *see Costello v. United States*, 365 U.S. 265, 286 (1961) ("If the first suit was dismissed for . . . want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit."). Without belaboring its decision in *Gupta I*, the Court notes, and Plaintiff does not dispute that, with the exception of the INA claims in *Gupta I*, the Court's dismissal of all other claims asserted therein was on the merits. And, even assuming that the Court's dismissal of the INA claims could be deemed jurisdictional, the doctrine of issue preclusion bars Plaintiff's INA claims in *Gupta II*. To that end, in Counts Seven, Eight, and Nine of the instant Complaint, Plaintiff asserts direct claims under the INA, in the first instance, against Defendants, by arguing that Wipro violated the INA's wage regulations by: (1) failing to pay required wages to Plaintiff during the period from May 2003 to the present; (2) taking unauthorized deductions from Plaintiff's wages; and (3) retaliating against Plaintiff for engaging in protected activity. As Plaintiff is well-aware, however, federal courts, including both this Court and the Third Circuit in *Gupta I*, have repeatedly held that Section 1182(n) of the INA, under which Gupta seeks to assert his wage claims against Wipro, does not authorize a private right of action to enforce the laws regarding payment of wages to H–1B workers; rather, claimants must go through administrative channels and may only seek judicial review once administrative remedies have been exhausted. *Gupta*, 649 F. App'x at 122 ("[N]o private right of action exists for violations of 8 U.S.C. § 1182(n)."); *see Watson v. Bank of Am.*, 196 Fed. Appx. 306, 307 (5th Cir. 2006) (Plaintiff "had no private right of action in the first instance under 8 U.S.C. § 1182(n), the subsection governing the H–1B program and providing procedures for enforcing its requirements."); *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 422–24 (4th Cir. 2005) (concluding that there is no implied cause of action under § 1182(n)); *see also Gupta v. Headstrong, Inc.*, No. 12-6652, 2013 WL 4710388, at *4 (S.D.N.Y. Aug. 30, 2013) ("Accordingly, 'Section 1182(n) does not provide for a private right action in federal court in the first instance for complaints concerning an employer's violation of the Section.'") (quoting *Shah v. Wilco Sys., Inc.*, 126 F.Supp.2d 641, 647-48 (S.D.N.Y. 2000)); *Biran v. JP Morgan Chase*, No. 02-5506, 2002 WL 31040345, at *3 (S.D.N.Y. Sept. 12, 2002) ("Not only do comprehensive administrative mechanisms exist, but also the legislative history of the Immigration and Nationality Act yields no support for the proposition that Congress intended to create a private right of action" in Section 1182(n), the INA section governing LCAs). Here, Plaintiff attempts to bypass the exhaustion requirement by asserting his INA claims directly in District Court. However, because no private right of action exists for violations of 8 U.S.C. § 1182(n), Plaintiff's INA claims are dismissed.

the merits sufficient to raise the defense of *res judicata* in a subsequent action between the parties."); *see*, *e.g.*, *McLaughlin v. Bd. of Trustees of Nat'l Elevator Indus. Health Benefit Plan*, 686 F. App'x 118, 122 (3d Cir. 2017) ("District Court's grant of summary judgment in favor of the Plan in *McLaughlin I* constitutes a final judgment on the merits for the purposes of *res judicata*.").

Second, the Court finds that "same parties or their privies" requirement of claim preclusion is satisfied, because Plaintiff, Wipro, and the Secretary were parties to both suits. Additionally, while Plaintiff did not name Mr. Premji as a defendant in *Gupta I*, the Third Circuit has explained that claim preclusion "may be invoked against a plaintiff who has previously asserted essentially the same claim against different defendants where there is a close or significant relationship between successive defendants." *Lubrizol*, 929 F.2d at 966 (quoting *Gambocz v. Yelencsics*, 468 F.2d 837, 841 (3d Cir. 1972)); *see*, *e.g.*, *Hickox v. Cty. of Blair*, 591 F. App'x 107, 110 (3d Cir. 2014) (affirming the district court's dismissal of the plaintiff's second complaint on the ground of claim preclusion, despite the fact that the second complaint included an additional defendant not named in the first); *Sheridan*, 609 F.3d at 261 (finding that the defendant-company "met the 'same parties' requirement of the claim preclusion defense because [the plaintiff] and the [defendant-company] were parties in both actions. The fact that there are additional parties in [the second action] does not affect our conclusion."); *Heine v. Dir. of Codes & Standards*, No. 15-8210, 2017 WL 3981135, at *8 (D.N.J. Sept. 11, 2017) (applying claim preclusion, where the parties in the first and second actions were identical, with the exception of several additional parties in the second case). And, significantly for the purposes of the present case, "a lesser degree of privity is required for a new defendant to benefit from claim preclusion than for a plaintiff to bind a new defendant in a later action." *Lubrizol*, 929 F.2d at 966. Here,

Mr. Premji, the additional named party, is the President of Wipro, and the allegations levied against him are identical to those asserted against Wipro, stemming from the same employment relationship. Accordingly, given the close and significant relationship between Wipro and Mr. Premji, the Court finds that Defendants have met their burden of establishing the same parties or privies requirement of claim preclusion.

Finally, the claims asserted in this case are based on the same cause of action asserted in *Gupta I.* Courts within the Third Circuit "take a 'broad view' of what constitutes the same cause of action." *Sheridan*, 609 F.3d at 261. To that end, the Third Circuit has disavowed attempts to create a "simple test . . . for . . . determining what constitutes a cause of action for *res judicata* purposes." *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984) (quoting *Donegal Steel Foundry Co. v. Accurate Prod. Co.*, 516 F.2d 583, 588 n. 10 (3d Cir. 1975)). Rather, courts "look toward the 'essential similarity of the underlying events giving rise to the various legal claims.'" *Lubrizol*, 929 F.2d at 963 (quoting *Davis v. U.S. Steel Supply, Div. of U.S. Steel Corp.*, 688 F.2d 166, 171 (3d Cir. 1982)); *see Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014) ("'*Res judicata* generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims.'") (quoting *Sheridan*, 609 F.3d at 261). The "essential similarity" approach "reflects the 'present trend . . . of requiring that a plaintiff present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence.'"[12] *Duhaney*, 621 F.3d at 348 (quoting *Lubrizol*, 929 F.2d at 963).

In conducting the essential similarity inquiry, courts look to the following *Athlone* factors: "'(1) whether the acts complained of and the demand for relief are the same . . . ; (2)

---

[12] For this reason, the "essential similarity" approach to defining a cause of action is alternatively referred to as the "transactional" approach. *See Duhaney*, 621 F.3d at 350.

whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same . . . ; and (4) whether the material facts alleged are the same.'" *Sheridan*, 609 F.3d at 261 (quoting *Athlone*, 746 F.2d at 984). "It is not dispositive that a plaintiff asserts a different theory of recovery or seeks different relief in the two actions." *Blunt*, 767 F.3d at 277 (internal quotation marks and citation omitted); *see Elkadrawy v. Vanguard Grp.*, Inc., 584 F.3d 169, 173 (3d Cir. 2009) (advising that the same cause of action analysis "does not depend on the specific legal theory invoked, but rather 'the essential similarity of the underlying events giving rise to the various legal claims.'") (citation omitted); *Lubrizol*, 929 F.2d at 963 ("A mere difference in the theory of recovery is not dispositive."). And, as referenced above, claim preclusion "bars not only claims that were brought in the previous action, *but also claims that could have been brought.*" *Post*, 501 F.3d at 169 (emphasis added). Thus, "'[t]he fact that several new and discrete discriminatory events are alleged does not compel a different result. A claim extinguished by *res judicata* includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.'" *Blunt*, 767 F.3d at 277 (citation omitted).

At the outset, the Court notes that Plaintiff failed to present any substantive argument in opposition to Defendants' contention that *Gupta II* is based on the same cause of action as *Gupta I*, and thus, Plaintiff has conceded the point.[13] *Hollister v. U.S. Postal Serv.*, 142 F. App'x 576,

---

[13] As the Court has already indicated, Courts typically afford *pro se* litigations, such as Plaintiff, considerable leeway. *Pratt v. Port Auth. of New York & New Jersey*, 563 F. App'x 132, 134 (3d Cir. 2014). "The rationale underlying this rule is that a *pro se* litigant generally lacks both legal training and experience and, accordingly, is likely to forfeit important rights through inadvertence if he is not afforded some degree of protection." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). However, "the degree of solicitude may be lessened where the particular *pro se* litigant is experienced in litigation and familiar with the procedural setting presented." *Id.* at 102; *see Coulter v. Paul Laurence Dunbar Cmty. Ctr.*, 685 F. App'x 161, 166 (3d Cir. 2017) (finding that the district court properly imposed a deadline against *pro se* litigant, despite

577 (3d Cir. 2005) (observing that a party's failure to oppose an argument raised in a motion to dismiss constitutes waiver of the same); *Ankele v. Hambrick*, 286 F. Supp. 2d 485, 496 (E.D. Pa. 2003), *aff'd*, 136 F. App'x 551 (3d Cir. 2005) ("Plaintiff makes no response to this argument, and thus has waived his opportunity to contest it."); *Pers. v. Teamsters Local Union 863*, No. 12-2293, 2013 WL 5676802, at *2 (D.N.J. Oct. 17, 2013) ("Failure to raise legal arguments in opposition to a motion to dismiss results in waiver.").

Moreover, after reviewing the *Athlone* factors in light of the "essential similarity of the underlying events giving rise" to Plaintiff's legal claims, the Court finds that the claims in this action are essentially duplicative of the claims asserted in *Gupta I*. Significantly, the acts complained of and theories of recovery asserted in both actions are nearly identical. To that end, in *Gupta I*, Plaintiff alleged that Wipro had made unauthorized deductions from his wages, or otherwise failed to pay Plaintiff wages, between 2003 and 2006. In that action, Plaintiff maintained that Wipro owed him those sums pursuant to the INA, as well as under a breach of contract theory. In *Gupta II*, Plaintiff once again alleges that Wipro took unauthorized

---

deference afforded *pro se* litigants, where the plaintiff was "an experienced and sophisticated litigant by *pro se* standards."); *United States v. Stuler*, 396 F. App'x 798, 799 (3d Cir. 2010) ("Although we are mindful of our obligation to construe a *pro se* litigant's pleadings liberally, because [the plaintiff] is an experienced litigant, we limit our consideration to those decisions of the District Court that he expressly challenges."); *Banks v. Pennsylvania*, No. 09-1437, 2010 WL 569545, at *2 (W.D. Pa. Jan. 4, 2010) ("While the general rule is that where a plaintiff is *pro se*, courts are to accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney, in cases where there is an experienced *pro se* litigator, the Court need not accord such a liberal reading to the complaint."); *see also see Allen v. Aytch*, 535 F.2d 817, 821 (3d Cir. 1976) (observing that the rationale underlying the requirement to construe *pro se* pleadings liberally may not apply to "someone with substantial legal training, even if he was not yet a member of the bar of the district court when the complaint was filed."). Accordingly, while the Court recognizes that Plaintiff is proceeding *pro se*, because he an experienced litigant, Plaintiff will be afforded less deference than the typical *pro se* litigant.

deductions from his wages, or otherwise failed to pay him wages.[14]  And, as in *Gupta I*, Plaintiff

asserts claims under for violations of the INA and for breach of contract in this case.

While *Gupta II* also includes claims for unjust enrichment, quantum meruit, promissory

estoppel, and violations of the FSLA and California Labor Code, as the Court has already noted,

claim preclusion bars not only claims that were actually asserted in a previous action, but also

"claims that *could have* been brought."  *Post*, 501 F.3d at 169 (emphasis added).  Thus, the

relevant question is not whether Plaintiff did, in fact, assert the these claims in *Gupta I*, but

whether Plaintiff *could have* asserted these claims in *Gupta I*.  In that regard, Plaintiff failed to

proffer any argument as to why these claims could not have been asserted in *Gupta I*.  And, in

conducting its own review, because these claims all arise out of the same employment

relationship, and concern the same underlying facts, the Court cannot discern any reason why

these claims could not have been asserted in *Gupta I*.

Moreover, the final two *Athlone* factors also weigh in favor of finding that *Gupta I* and

the present case arise from the same cause of action.  In particular, the witnesses and documents

necessary to resolve both cases at trial would be nearly identical.  Additionally, the material facts

and events underlying the claims in both actions are indistinguishable, arising entirely out of

Gupta's employment relationship with Wipro, and concerning Defendants' alleged failure to pay,

or underpayment of, wages and benefits.  Indeed, the only discernable difference between *Gupta*

---

[14] In a transparent attempt to circumvent the Third Circuit's decision in *Gupta I*, affirming the ARB's finding that Plaintiff's claim was time-barred, Plaintiff now alleges that his employment relationship with Wipro extended beyond 2006, until the present day.   Nonetheless, the Third Circuit previously determined that Plaintiff's employment relationship with Wipro ended in March 2006, except for a brief period of work in 2008.  *Gupta*, 649 F. App'x at 121. Accordingly, as it is permitted to do on a motion to dismiss on the ground of *res judicata*, the Court will take judicial notice of that fact.  *See Toscano*, 288 Fed. Appx. at 36; *Conceicao*, 650 F. App'x at 135.

*I* and *Gupta II* is Gupta's additional allegation in *Gupta II* that Wipro failed to provide earnings statements for "June 2008 and later," Compl., Ex. PX-12, at 5, a fact that arises out of Plaintiff's employment relationship with Wipro, and thus, could have been asserted in the initial action. *See Elkadrawy*, 584 F.3d at 173–74 ("Even crediting [the plaintiff's] attempt to distinguish his second set of facts as 'new,' it is beyond dispute that these allegations 'could have been brought' as part of his first complaint."); s*ee also Haefner v. N. Cornwall Twp.*, 40 F. App'x 656, 658 (3d Cir. 2002) ("Claim preclusion . . . applies even where new claims are based on newly discovered evidence, unless the evidence was either fraudulently concealed or it could not have been discovered with due diligence.").

Plaintiff presents three arguments in opposition to the application of collateral estoppel. First, Plaintiff argues that, because he filed the instant case in the Northern District of California, this Court lacks jurisdiction over the case. Second, Plaintiff argues that the Wipro Defendants waived any *res judicata* argument by failing to appeal the October 19, 2016 Order of the Honorable Howard R. Lloyd, U.S.M.J., of the Northern District of California, which denied Wipro's motion to consider this case as related to Gupta's prior lawsuit. Third, Gupta argues that Wipro waived any *res judicata* defense by failing to appeal the portion of this Court's April 27, 2015 Order denying Plaintiff's motion seeking leave to file supplemental claims, in which the Court stated that, to the extent Plaintiff believed he had additional claims, Plaintiff could seek to assert such claims in a separate action. Each of these arguments lack merit.

First, as Judge Davila aptly observed in his March 24, 2017 Order transferring this case to this Court, pursuant to 28 U.S.C. § 1391(b) & (c), jurisdiction is proper in the District of New Jersey, because Wipro is a resident corporation thereof. Accordingly, Plaintiff's jurisdictional argument is without merit.

Second, the Court rejects Plaintiff's argument that Wipro waived any *res judicata* argument by failing to appeal Judge Lloyd's October 19, 2016 Order. In the October 19, 2016 Order, Judge Lloyd merely indicated that Gupta refused to consent to allowing the case to proceed before a magistrate judge, and thus, found that "relating the cases would be an idle act, and the motion to relate these cases is denied." ECF No. 33. Judge Lloyd thus issued no substantive ruling pertaining to the relatedness of the two cases. Additionally, Plaintiff fails to cite any support for the proposition that a failure to appeal a motion to relate cases precludes a future *res judicata* defense.

Finally, the Court also rejects Plaintiff's argument that Wipro waived any *res judicata* defense by failing to raise the same before the Third Circuit while *Gupta I* was on appeal. On April 14, 2015, while motions for summary judgment were pending in *Gupta I*, Gupta filed a "Motion for Leave to File Supplemental claims and add a party," seeking leave to add the following supplemental claims: (1) breach of implied-in-fact contract; (2) unjust enrichment and quantum meruit; (3) promissory estoppel; and (4) unpaid wages under the FLSA. Plaintiff also requested leave to add Mr. Premji as a defendant. In its April 27, 2015 Order, the Court denied Gupta's motion, finding that the supplemental claims were "separate and distinct from the judicial review of the ARB's Final Decision and Order that Plaintiff had originally sought." *Gupta*, 101 F. Supp. at 462. As a result, the Court explained that "Plaintiff's newly-raised claims should be brought in a separate lawsuit." *Id.* In so finding, the Court clarified that it made "no finding regarding the viability or timeliness of the newly-proposed claims and the proposed addition of a party." *Id.* at 462, n 34.

Plaintiff overstates the implications of this Court's April 27, 2015 Order denying Plaintiff's motion for leave to file supplemental claims. In denying Plaintiff's motion, the Court

simply found that, at the summary judgment stage of *Gupta I*, permitting Plaintiff to amend his complaint would unduly prejudice the defendants. While the Court stated that Plaintiff's supplemental claims should be asserted in a separate lawsuit, if at all, it rendered no findings as to the "viability . . . of the newly-proposed claims," including whether such claims would be barred under the doctrine of claim preclusion. Indeed, on July 27, 2016, the Court entered an Order denying Plaintiff's motion to reopen his case and transfer it to the Northern District of California, stating that, "[i]nsofar as Plaintiff believes he has further claims to assert that were not dismissed on the merits in the present case, he may file a new case in the appropriate venue." ECF. No. 98. It is readily apparent from this ruling this Court's April 27, 2015 Order went no further than denying Plaintiff's attempt to make an eleventh-hour amendment adding new claims to his case. By stating that Plaintiff should seek to file the supplemental claims in a new action, if at all, the Court made no finding as to the viability of those claims, including whether such claims would be barred under the doctrine of *res judicata*. Nor were Defendants under any obligation to raise any defense with regard to the supplemental claims at that time.

In sum, the Court finds that Plaintiff either raised, or could have raised, all of the claims asserted in this case in *Gupta I*. Allowing Plaintiff to assert these claims in the instant case, when they are based on the exact same factual conduct underlying the claims asserted in *Gupta I*, would undermine the judicial efficiency that the doctrine of claim preclusion seeks to promote. Accordingly, the Court finds that Defendants have met their burden of establishing that the doctrine of claim preclusion is applicable in this case, and Defendants' Motion to Dismiss Plaintiff's Complaint in its entirety is granted.[15]

---

[15] The Court notes that, in the "Conclusion" section of the Wipro Defendants' moving brief, the Wipro Defendants "seek that Plaintiff be precluded from filing any further litigation, motions, or other documents in federal or state court relating to his employment with Wipro . . . ." Wipro

## V. **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED.

Dated:  December 15, 2017                             /s/ Freda L. Wolfson
                                                          Hon. Freda L. Wolfson
                                                          United States District Judge

---

Defs.' Mot. to Dismiss at 36.  Nonetheless, the Wipro Defendants have not set forth any legal basis under which the Court could impose such relief, and the Court declines to order the same at this juncture without a properly filed brief.  However, Plaintiff is advised that this Court will not hesitate to impose sanctions or injunctive relief in the event that Plaintiff files further frivolous pleadings.